UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                   :
SHARMAINE OLIVE EDWARDS,                                           :    03-CV-4703 (ARR)
                                                                   :
                          Debtor and Appellant,                    :    Chapter 13
                                                                   :    Bankruptcy Case
         -against-                                                 :    No. 102-16879-608
                                                                   :
MICHAEL J. MACCO,                                                  :    NOT FOR
                                                                   :    PUBLICATION
                          Trustee and Appellee.                    :
                                                                   :    OPINION AND ORDER
------------------------------------------------------------------ X

ROSS, United States District Judge:

Debtor-appellant Sharmaine Olive Edwards appeals pro se from a final order of the United States Bankruptcy Court for the Eastern District of New York (Honorable Carla E. Craig) dated July 1, 2003, dismissing Ms. Edwards' Chapter 13 bankruptcy case due to Ms. Edwards' non-compliance with judicial orders.

For the reasons below, Judge Craig's order is affirmed.

**Bankruptcy Court Proceedings**

On May 30, 2002, Ms. Edwards filed a pro se voluntary petition for relief under Chapter 13 of Title 11 of the United States Code. Bankruptcy Court Docket ("BD") 1. Trustee Michael J. Macco filed a motion dismiss on July 3, 2002 based on Edwards' failure to make pre-confirmation payments and failure to provide mandatory disclosure pursuant to local bankruptcy rules. BD 5. Attorney John D. Lewis submitted a Notice of Appearance on behalf of Edwards on July 30, 3002, and filed an Affirmation in Opposition to the Motion to Dismiss on August 2,

1

2002. BD 6, 8. A hearing on the Motion to Dismiss was held on September 10, 2002. Un-numbered BD entry, 9/10/02.

On September 6, 2002, Edwards filed various documents related to Debtor Schedules A-J, a Statement of Intention, a Statement of Financial Affairs, a 2016(b) Statement, and a Chapter 13 Plan. BD 10. A Conditional Order of Dismissal, providing that Edwards' case would be dismissed if she failed to comply with the terms of the order, was entered on September 26, 2002. BD 13.

Over the next several months, the Confirmation Hearing originally scheduled for October 1, 2002, was postponed numerous times. See un-numbered BD docket entries, 9/6/02, 10/1/02, 11/12/02, 2/4/03. Edwards filed a Motion to Reclassify/Reduce/Expunge Claims on September 30, 2002. BD 14. On October 9, 2002, trustee Macco submitted an Affidavit of Non-Compliance related to the September 26 Conditional Order. BD 15.

Also on October 9, 2002, the court ordered Edwards' attorney, John Lewis, Esq., to show cause why his transactions with the debtor should not be examined and the court should not order the return of attorney's fees paid by the debtor. BD 16. A hearing on this issue was held on November 12, 2002. Un-numbered BD entry, 11/12/02. Lewis defended his actions, claiming that the debtor had failed to provide him with the information and documents that he needed to adequately represent the debtor and to present a viable Chapter 13 plan. See Notice of Presentment (October 18, 2002), included in BD 20. Although Lewis apparently satisfied the court, he was later dismissed by Edwards. Hearing Transcript, June 3, 2005, p.10-11.

In the meantime, Edwards filed an Affidavit of Changed Circumstances on December 4, 2002. BD 19. On February 3, 2003, she filed a document titled "Objection to Notice of

2

Presentment for Relief from Automatic Stay" objecting to a proposed order submitted by creditor the City of New York (although Ms. Edwards' objections appear to relate to her dissatisfaction with her attorney). BD 20. On February 24, 2003, Edwards submitted an affidavit amending Schedules D and F to add several creditors holding unsecured nonpriority claims (Capitol One, Con Edison, Verizon, and New York Property Insurance). BD 21.

Ms. Edwards also filed a Motion to Reclassify/Reduce/Expunge additional claims, which was supplemented by an Amended Motion objecting to claims filed on February 27, 2003. BD 22, 23. Specifically, this motion alleged that the amounts claimed by the City of New York Department of Finance, the City of New York Department of Housing Preservation and Development, and Verizon were incorrect or overstated. See Amended Affirmation in Support, BD 23. With regard to the Department of Finance claims, Ms. Edwards claimed that the City of New York had grossly miscalculated her property taxes, causing her quarterly taxes to increase from $625.79 to $5979.40. Id. Ms. Edwards also claimed that the final amount of her Verizon bill was only $319.59, and that she had made several payments towards her mortgage which should have reduced her debt to the Department of Housing Preservation and Development. Id. The City of New York filed a response to debtor's objections on March 13, 2003. BD 24.

A hearing on these objections was held on March 19, 2003; Edwards' motion was granted as to the Verizon claims but denied as to the claims by the City of New York. Un-numbered BD entry, 3/19/03. During the hearing, Judge Craig directed Ms. Edwards' counsel to assist her in contacting the City and obtaining further information about the increase in her property taxes and the amount of her mortgage prior to the next scheduled hearing. Hearing Transcript, 3/19/03, p.28.

On April 7, 2003, immediately prior to a scheduled Confirmation Hearing, Ms. Edwards filed a Motion to Extend Time to allow her to challenge the property tax charges mentioned above. BD 25. During the Confirmation Hearing on April 8, 2003, trustee Macco noted that he had yet to receive numerous documents from the debtor that had been required by the conditional order filed on September 26, 2002, despite filing an affidavit of default of the conditional order. Hearing Transcript, April 8, 2003, p.2.[1] Judge Craig went through the missing documents during the hearing, and ordered the debtor to provide Mr. Macco with the following materials within two weeks: 1) an appraisal, 2) amended Schedules I and J, 3) an amended statement of financial affairs listing all income for the preceding three years, and 4) an amended plan as to how she was going to pay the filed claims. Id. at 9. The court also ordered Ms. Edwards to have a previously unidentified lot that she owned appraised and added to her schedules. Id. at 11. Judge Craig explicitly warned the debtor that this would be "[her] last chance to comply... This is a conditional order. If you don't have these things for Mr. Macco in two weeks your case will be dismissed." Id. Also during this April 8, 2003 hearing, Ms. Edwards informed the bankruptcy court that she had filed an Article 78 proceeding in state court to challenge the City's assessment of her property taxes. Id. at 12. After extensive consideration of the effects of the Article 78 claim on the bankruptcy claim, Judge Craig determined that the instant case should go forward. Id. at 20.

---

[1]The specific dates cited by Mr. Macco during this hearing were incorrect. Mr. Macco states that he filed his affidavit of default on September 26, 2002; the court docket reflects that the conditional order was entered on September 26, 2002 and Mr. Macco's affidavit of non-compliance was filed on October 9, 2002. BD.

4

On April 22, 2003, Ms. Edwards filed several documents with the bankruptcy court. First, she filed an Objection to Notice of Settlement that appears to be an objection to some document submitted by her (now former) attorney. BD 26. She also filed an affidavit regarding amended schedules D, I, and J, her statement of financial affairs, and an amended Chapter 13 plan. BD 27, 28.

Another conditional hearing was held before Judge Craig on May 6, 2003. Un-numbered BD entry, 5/6/03. There was extensive discussion of the documents filed by Ms. Edwards on April 22, 2003, which apparently did not reflect all the information previously requested and which did not include a feasible Chapter 13 plan. See, e.g., Hearing Transcript, May 6, 2003, p.3, 4, 21, 23. Judge Craig concluded that Ms. Edwards had not complied with the conditional order. Id. at 24. Trustee Macco argued insistently that Ms. Edwards was completely unable to present a plan that would allow her to pay off her debts, since the required payments would constitute virtually all of the money that Ms. Edwards received from Social Security and Worker's Compensation payments. Id. at 18-22. Judge Craig decided to give Ms. Edwards an additional period, until May 20, 2003, to file an amended plan that would satisfy the claims on Schedules I and J. Id. at 27. Therefore, Judge Craig issued a conditional order that required the debtor to provide the trustee with amended schedules C, J, and I; an amended plan which would pay all filed claims; and – unless the plan was a 100% plan – appraisals of the house and vacant lot. DB 30. At the conclusion of this hearing, Judge Craig warned Ms. Edwards that failure to comply with the order would result in dismissal of her case. Hearing Transcript, May 6, 2003, p.29.

A final conditional hearing was held before Judge Craig on June 3, 2003. Un-numbered BD entry, 6/3/03. At this hearing, trustee Macco testified that he had not received any of the documents required by the court's May 6, 2003 conditional order. Hearing Transcript, June 3, 2003, p.2-3. After extensive discussion of possible plans, Judge Craig told the debtor that the options that she was proposing were simply not feasible. Id. at 15. Judge Craig noted that Ms. Edwards had failed to comply with a number of conditional orders, and that there was no reason to believe that further extensions would result in compliance. Id. Judge Craig therefore dismissed the case based upon Ms. Edwards' failure to comply with the court's conditional order of May 6, 2003. Id. at 15-16. Upon application and motion of the trustee, the Chapter 13 case was dismissed on July 1, 2003, and $150 was awarded to the trustee for costs incurred. BD 31.

**Appellate Procedural History**

This case has a long and complicated procedural history on appeal. Appellant Sharmaine Edwards filed the instant appeal from the July 1, 2003 order of the Bankruptcy Court with this court on July 11, 2003. On September 30, 2003, this court ordered appellant to file and serve her brief in support of her appeal within 15 days of the entry of her appeal on the docket, pursuant to Bankruptcy Rule 8009. On October 23, 2003, in response to appellant's request for a subpoena to prepare the record on appeal, the Pro Se Office of this court furnished appellant with a copy of Bankruptcy Rule 8006. That letter was returned by the Postal Service as undeliverable. On November 13, 2003, this court granted appellant's request for more time to submit her brief, and ordered that the brief be submitted on or before December 10, 2003. At that time appellant was

provided with an additional copy of Rule 8006, as well as an additional copy of the October 23 letter. This order was not returned as undeliverable.

As of February 26, 2004, this court had not received a designation of appeal record, a brief, or any further filing, and saw no such filings recorded in the docket. Therefore, this court ordered appellant to either show cause why her appeal should not be dismissed for failure to prosecute the action or designate an appeal record and submit a brief in support of her appeal by March 12, 2004. The court's February 26 order to show cause was returned to chambers on March 10, 2004 as undeliverable; the Postal Service indicated that the address given by appellant was "vacant."

By order dated March 11, 2004, the court determined that because appellant had failed to respond to the October 23 order and because any further attempts to communicate with appellant would be futile, the appeal should be dismissed for failure to prosecute, and instructed the Clerk of the Court to enter judgment accordingly. This decision turned out to be overly hasty, since appellant (who had presumably learned of the court's order by consulting the court file itself, since she had not received the copy mailed to her by this court) filed a document with this court consisting of citations to assorted legal authorities on March 12, 2004 at 7:56 PM. That document, while on its own terms virtually impossible to understand, could fairly be construed as an appeal brief responsive to this court's February 26, 2004 order. Before the court had an opportunity to revisit the March 11, 2004 order, appellant appealed the court's March 11, 2004 decision dismissing the case to the Court of Appeals.

Appellant filed a Notice of Appeal on April 15, 2004. On the same day, appellant submitted a filing to the Chief Judge of this court. That document was received in the Chief

7

Judge's chambers on or about July 13, 2004 and in my chambers on or about July 15, 2004. Appellant's April 15, 2004 filing shows that on December 8, 2003—two days before the deadline for an appeal record and brief that the court set on October 23—appellant had indeed filed a brief and supporting exhibits with this court, which were stamped received by this court's clerk. Because that submission was never received in chambers and never docketed, this court was unaware of its existence when it issued the February 26, 2004 order.

Based on this information, I construed appellant's April 15 letter as a motion for relief from a judgment under Fed. R. Civ. P. 60(b). On August 8, 2004, I found that relief under Rule 60(b) was merited and advised the Court of Appeals of my intention to grant such relief if the case was remanded. The action was remanded on March 18, 2005. On March 31, 2005, I vacated and withdrew the March 11, 2004 memorandum and order dismissing appellant's appeal.

In my March 31, 2005 order, I also directed appellant to either a) file an appeal brief or b) send a letter to the court and the bankruptcy trustee indicating her intention to rely on her March 12, 2004 submission entitled "Brief in Support of Appeal" by April 22, 2005. Although this order was not returned as undeliverable, the court received neither a brief nor a letter from appellant. The bankruptcy trustee therefore requested dismissal of the action on April 29, 2005. On May 2, 2005, I directed appellant to either to file an appeal brief or to submit a letter indicating her intention to rely on her March 12, 2004 submission no later than May 18, 2005, and indicated that failure to submit the requested documents by May 18, 2005 would result in dismissal of this action. On May 18, 2005, appellant filed a document entitled "Amended Brief" with this court.

8

**Discussion**

This court has jurisdiction under 28 U.S.C. § 158(a)(1), which provides for district court jurisdiction in appeals from "final judgments, orders, and decrees" of bankruptcy judges. 28 U.S.C. § 158(a)(1).

I.   *Standard of Review*

A bankruptcy court's findings of fact may not be set aside on appeal unless they are clearly erroneous. Fed. R. Bankr. P. 8013 (stating that "on an appeal the district court may affirm, modify, or reverse a bankruptcy court's . . . order [and] findings of fact shall not be set aside unless clearly erroneous"). The bankruptcy court's legal conclusions are subject to de novo review. See, e.g., In re Robert Casse v. Key Bank National Assoc. (In re Robert Casse), 198 F.3d 327, 334 (2d Cir. 1999). A decision by a bankruptcy court related to its "discretionary control over the management of its own docket" is subject to an abuse of discretion standard. Charell v. Nichols, 97-CV-5552, 1999 U.S. Dist. LEXIS 6311, at *2 (S.D.N.Y. Apr. 29, 1999). The scope of review by the district court, therefore, is "extremely narrow." Id. (citing Crysen/Montenay Energy Co. v. E & C Trading Ltd., 166 B.R. 546, 549 (1994) and Theilmann v. Rutland Hosp., Inc., 455 F.2d 853, 855 (2d Cir. 1972)).

II.   *Dismissal Based on Failure to Comply with Court's Orders*

Title Eleven of the United States Code, § 1307(c) provides that a bankruptcy court may – after notice and a hearing – dismiss a bankruptcy case for several reasons, including but not limited to:

- unreasonable delay by the debtor that is prejudicial to creditors (§ 1307(c)(1)),

- failure to timely file a plan under 11 U.S.C. § 1321 (§ 1307(c)(3)),

- denial of confirmation of a plan under 11 U.S.C. § 1325 and denial of requests for additional time to modify the plan (§ 1307(c)(5)); and

- failure of the debtor to timely file the information required by 11 U.S.C. § 521(1) and (2) (§ 1307(c)(9) and (10)).

See, e.g., In re Loren, No. 99 Civ. 3001, 2000 U.S. Dist. LEXIS 6888 at *4-5 (S.D.N.Y. May 18, 2000) (affirming the dismissal of a bankruptcy case after debtor failed to provide documents despite being notified twice that the documents were required and that failure to provide them would result in dismissal of his case); In re Vomhof, No. 4-96-768, 1997 U.S. Dist. LEXIS 1674, at *5 (D.Minn. Jan. 22, 1997) (affirming dismissal where debtors failed to comply with court order directing them to produce income tax forms).

Judge Craig's decision to dismiss Ms. Edwards Chapter 13 bankruptcy case under 11 U.S.C. § 1307(c) clearly constituted neither legal error nor an abuse of discretion. Despite adequate notice and numerous hearings, Ms. Edwards failed to comply with Judge Craig's orders that she file the amended schedules, statements, and plans requested by the trustee. See, e.g., Hearing Transcript, April 8, 2003, p.2; Hearing Transcript, May 6, 2003, p. 24; Hearing Transcript, June 3, 2003, p.2-3, 15. Judge Craig warned Ms. Edwards repeatedly that her case would be dismissed if she failed to comply with the requirements of the bankruptcy court's conditional orders. See, e.g., Hearing Transcript, April 8, 2003, p.11; Hearing Transcript, May 6, 2003, p.29. Additionally, when Ms. Edwards failed to comply, Judge Craig gave Ms. Edwards several "second chances." See, e.g., Hearing Transcript, May 6, 2003, p.27. Judge Craig's

decision to dismiss Ms. Edwards' Chapter 13 bankruptcy case was therefore completely appropriate under 11 U.S.C. 1307(c).

**Conclusion**

For the reasons stated above, Judge Craig's order is affirmed in all respects. The Clerk of Court is instructed to enter judgment accordingly.

SO ORDERED.

Allyne R. Ross<br>
United States District Judge

Dated: November 18 , 2005
Brooklyn, New York

SERVICE LIST:

***Debtor-Appellant***
Sharmaine Edwards, pro se
556 Gates Avenue
Brooklyn, NY 11221

***Attorney for Trustee Appellee Michael J. Macco***
Vincent Cuocci
Macco & Stern LLP
135 Pinelawn Road
Melville, NY 11747